Mr. Gerald King, Director Arkansas State Plant Board P.O. Box 1069 Little Rock, AR 72203
Dear Mr. King:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act ("FOIA"), which is codified at A.C.A. § 25-19-101 et seq. Your question pertains to records required to be filed with the State Plant Board pursuant to A.C.A. § 17-30-221 (Repl. 1992). You note that this Code section requires the filing of service contracts and reports by licensed pest control companies, and that several individuals who are connected with pest control companies have requested permission to inspect and copy the records. Several companies have objected to release of the records, contending that competitors would thereby gain the advantage of obtaining customer lists, pricing structure for initial contracts and annual renewal fees. Your question in this regard is as follows:
 Should we allow potential competitors to copy these files because they are public records or should we bar copying of these files under the competitive advantage exception of the FOIA?
It is my opinion that the records in question are in all likelihood exempt from public inspection and copying under the so-called "competitive advantage" exemption. Subsection (b)(9) of § 25-19-105 exempts from disclosure under the FOIA "[f]iles which, if disclosed, would give advantage to competitors or bidders. . . ." This office has previously followed the federal test in interpreting this exemption. See Ops. Att'y Gen.87-194, 91-390, 92-150, and 92-220. The federal courts, in determining whether "commercial or financial information" is "confidential" and thus exempt under the federal FOIA,[1]
have required that release of the information would be likely to have either of the following effects: (1) impair the government's ability to obtain necessary information in the future or (2) cause substantial harm to the competitive position of the person from whom the information was obtained. National Parks Conservation Ass'n v. Morton, 615 F.2d 527 (D.C. Cir. 1979).
The competitive advantage exemption must, of course, be considered on a case-by-case basis with a view to all of the particular facts and circumstances. And the burden rests on the one claiming the exemption. See generally Gannett v. RiverStates Publishing Co. v. Arkansas Indus. Dev. Comm'n,303 Ark. 684, 799 S.W.2d 543 (1990). With regard to the records in question, however, I believe that an Arkansas court would in all likelihood conclude that the burden of proving substantial competitive harm can be met with respect to customer lists so as to preclude their disclosure. See generally Op. Att'y Gen.88-065, copy enclosed (concluding that an Arkansas court, consistent with federal case law, would probably find a customer list to be exempt under the FOIA). Although the term "customer list" is not defined, it may reasonably be concluded that the filing requirement under A.C.A. § 17-30-221 in essence constitutes such a list, where the report must include specific information, including names and addresses, concerning the service provided under each customer contract.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] 5 U.S.C. § 552(b)(4).